UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD TARMAN, an individual,

    Plaintiff,

vs.                                      CASE NO.:

ALLYRIDES, LLC, a Florida limited
liability company, and MELISSA
GUIDO, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, Donald Tarman ("Plaintiff"), by and through undersigned counsel, sues Defendants, AllyRides, LLC ("AllyRides"), and Melissa Guido ("M. Guido") (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 216 and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1331(b), as the events or omissions giving rise to these claims occurred within Charlotte County and thus within the jurisdiction of the Court.

## PARTIES

4. Plaintiff was and is a resident of Charlotte County, Florida. At all times pertinent, Plaintiff worked for Defendants in Charlotte County, Florida.

5. Defendant AllyRides was and is a Florida Limited Liability Company conducting business in Charlotte County, Florida and subject to the requirements of the FLSA. Defendant AllyRides is a for-profit, non-emergency wheelchair and stretcher medical transportation company. According to AllyRides website, allyrides.com (last visited March 25, 2024), AllyRides is open 24 hours per day, including weekends and holidays. AllyRides vehicles accommodate various mobility requirements (i.e., through the use of hydraulic lifts and ramps), and AllyRides drivers provide assistance for customers (i.e., wheelchair or stretcher) from their homes to their medical appointments (or other events) and back. Defendant AllyRides is an enterprise engaged in commerce or in the production of goods for commerce, in interstate commerce, and with an annual gross volume of revenue not less than $500,000.00.

6. Defendant M. Guido was and is an individual who owned and operated Defendant AllyRides, who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of

Defendant AllyRides, and over Plaintiff, Defendant M. Guido is an employer as defined by 29 U.S.C. § 201 *et seq*.

7. At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. § 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

8. Defendants employed Plaintiff as a driver/helper. Plaintiff assisted customers with mobility issues from their residences to their medical appointments or other events. Plaintiff worked for Defendants in this capacity for about a year, through April 20, 2023.

9. Defendants compensated Plaintiff for his work on an hourly basis at a rate of $14.00 per hour.

10. During his employment with Defendants, Plaintiff was not properly compensated at one and one-half (1 and 1/2) his regular rate for overtime hours Plaintiff worked.

11. Plaintiff worked over forty (40) hours in one or more workweeks while employed by Defendants.

12. Despite working more than forty (40) hours in a workweek, Plaintiff did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for such overtime hours. During the employment, Defendant only compensated Plaintiff at his straight time rate for the hours Plaintiff

worked over forty (40) hours in a workweek. Defendant failed to pay Plaintiff overtime compensation for overtime hours worked, as the FLSA requires.

13. The records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession and custody of Defendants.

14. Before this lawsuit was filed, Department of Labor, Wage and Hour Division Investigator Martin Altabas demanded Defendants make payment of overtime due to Plaintiff, but Defendants refused to make any overtime payments to Plaintiff.

15. Plaintiff was forced to retain counsel to pursue these claims, and is obligated to pay counsel a reasonable attorneys' fee and costs.

## COUNT I
**(Overtime Compensation Due Under The FLSA)**

16. Plaintiff hereby incorporates by reference the allegations contained within paragraphs 1 through 15 above.

17. Defendants failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

18. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. accept jurisdiction over this action;

   b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

   c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff;

   d. award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

   e. entry of final judgment against Defendants; and

   f. award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

        *s/ Bradley P. Rothman*
        Bradley P. Rothman, Esq.
        Florida Bar No.: 0677345
        brothman@weldonrothman.com
        mgelardi@weldonrothman.com
        Morgan B. Jones, Esq.
        Florida Bar No.:1035318
        mjones@weldonrothman.com
        WELDON & ROTHMAN, PL
        2548 Northbrooke Plaza Drive
        Naples, Florida 34119
        Tel: (239) 262-2141
        Fax: (239) 262-2342
        *Counsel for Plaintiff*